The next case on the docket is 519-0026. Jackubowski v. State of Ill. Human Rights Commission. The appellant has actually waived and the appellee, Mr. Griffiths, you may proceed. May it please the Court, Assistant Attorney General Carson Griffiths on behalf of the respondents. The Department of Corrections interviewed two individuals for an opening for Clinical Services Supervisor at the Fandalia Correctional Center, Robert Jackubowski and Henry Teberboth. During the interview process, the Department of Corrections asked those candidates the same questions and scored their responses in the same categories. Mr. Teberboth scored higher than Mr. Jackubowski based on his performance in two categories, his knowledge and experience, and his leadership. Based on those scores, Teberboth got the job. And in light of that evidence, the Commission did not abuse its discretion in declining to substitute its evaluation of the candidates' qualifications for those by EOC. Therefore, this Court should affirm the Commission's dismissal of Mr. Jackubowski's charge of employment discrimination for lack of substantial evidence. Specifically, the Commission correctly determined that there was not substantial evidence that similarly situated non-white employees received more favorable treatment than Mr. Jackubowski. You know, you just said a word that's very key, and that is similarly situated. Correct. However, what evidence was there, if any, that the appellate, I'm going to call him, was not treated the same as others, that is, similarly situated employees? There was none. I mean, he was treated the same way during the interview. But similarly situated, doesn't that go to a group of people when you're talking about race discrimination? Well, a complainant can identify one comparator and say, this similarly situated person was treated more favorably than me. So they can rely on one comparator. It doesn't necessarily need to be a body of people. But if you're talking race, then how do you incorporate – how do you prove race if you don't – you just point at the other guy? Well, in this case, there were two – only two candidates interviewed. One was – I understand. One was white and one was black. But the issue for race discrimination under the Illinois Human Rights Act, how do you prove that if you don't talk about it substantially similarly? Well, you can't prove it if you can't prove there were substantially – or similarly situated employees treated more favorably. So that's part of that McDonnell-Douglas burden-shifting analysis. And the reason that test is set up is because it's so difficult to prove discriminatory intent. But the U.S. Supreme Court and Illinois Supreme Court in Zadaraka, which adopted that test, said, you know, we're going to allow employees to prove it through this means. And I think in this case, there's obviously no evidence at all that IDOC's hiring decision was based on race at all. I mean, 22 out of the 24 clinical services supervisors employed by IDOC were white, like Mr. Jakubowski. There were no comments made during the interview process that would suggest discriminatory intent in any way. And ultimately, what this case came down to was IDOC decided that Mr. Teberbaugh's practical on-the-ground experience, which he had more of than Mr. Jakubowski, make him a better fit for this position. And that's all that there really is. And Mr. Jakubowski, he does not dispute that he had less experience. He doesn't dispute that he did not perform as well in the leadership category of the test – or excuse me, the interview. He doesn't dispute that he had less knowledge of IDOC's internal rules and procedures than Mr. Teberbaugh displayed during the interview process. And so he's just saying, well, I had more education, formal education, than Mr. Teberbaugh, so therefore it must have been race. But that doesn't – You said formal education. Well, the qualification is so definitive that on that one point where he was evaluated the same as his competitor, that it was clear that it was speaking strictly of academic credentials rather than education, which could be inclusive of experience that obviously is in another category, but at the same time it could be part of a person's less than formal education that could be considered. Absolutely, Your Honor. And I think that that is bolstered by IDOC's description of the position itself, which said that they were seeking a candidate with education and experience equivalent to a master's degree. So they never said that you need this level of formal education. This wasn't a position like an attorney position where you need to have a law school degree in order to apply for it. They were saying, well, we're going to look at your education and experience as a whole, and we're going to decide if that's enough. So like Your Honor pointed out, it could take into account the fact that Mr. Teberbaugh had more time managing a counseling program at IDOC. He had more time supervising staff, which they highlighted in the employment decision form. And so really there was no – as Mr. Jacobowski contends, basically, well, they needed a master's degree. And if they didn't have it, they weren't qualified. And ultimately, that's a business decision for the IDOC to make. And the commission did not abuse its discretion in invading that prerogative by the Department of Corrections. So I think, you know, we've generally covered the point that the difference in qualifications here did not give rise to a discriminatory intent. And so, therefore, this Court should uphold the commission's determination that there was not substantial evidence to establish a prima facie case of racial discrimination here and correctly dismiss his charge. The commission did not reach the question of pretext, whether IDOC's reasons for making its hiring decision were a pretext or a lie, basically, because it found, you know, if you can't establish a prima facie case, we're not going to reach the question of pretext. Mr. Jacobowski argues quite a bit about pretext in his opening brief. So if this Court does reach that question, I would just like to note that there is no substantial evidence to support it. No evidence suggested that IDOC did not honestly – Why would we reach that if we find that there was insufficient evidence? I agree, Your Honor, you shouldn't reach it if there's insufficient evidence, and you should just affirm the commission's decision on that basis alone. There's no reason to delve into pretext when the commission did not. So just briefly touching on that again, there was no evidence that IDOC did not think it actually promoted the most qualified candidate, and all the evidence that the Department uncovered during its investigation supported IDOC's hiring decision. And there was a fairly extensive, if I read through this correctly, investigation into the allegations and the background and what everybody did, and it appeared to me that there was an extensive investigation, correct? There was, Your Honor. The Department of Human Rights interviewed four individuals as part of this process, Mr. Jacobowski, the two individuals who interviewed both candidates, as well as IDOC's affirmative action officer, to get more background about, you know, the body of individuals who are CSSs at IDOC. I apologize for all the acronyms. That's all right. And then it reviewed the interview packets. It went through all the documentation. So I really do think that there was a thorough investigation here. This wasn't a truncated process, and nothing came up. And the Department correctly dismissed his charge, and the commission did not abuse its discretion in affirming that decision. So unless this Court has any other questions. Does this court? No. Okay. For those reasons and the reasons stated in the brief, we ask that you affirm the commission's decision. Thank you. Appreciate it. Okay. Thank you. Did you travel from Chicago? I did, Your Honor. Well, welcome to the Fifth District. It is. Well, keep in mind you just stood where Abraham Lincoln did, so. Oh, I will. Somewhere in the vicinity. Thank you very much. Yes. Thank you for coming. Of course. Okay. The matter will be taken under advisement, and we'll issue an order as soon as we can.